INTERNATIONAL AGRICULTURAL CORPORATION, Respondent, *v.* JOHN H. CARPENTER, Appellant.

First Department, January 16, 1920.

**Principal and agent — election to hold unknown principal — necessity that act of agent be within authority — admissibility of evidence to show authority of agent.**

Where a contract was entered into between the plaintiff's assignor and the defendant as agent for an unknown principal, an unorganized corporation, but after the organization of the corporation the contract was modified

at the request of the defendant, an election to hold the principal becomes a binding election if the defendant had authority from his undisclosed principal to modify the contract.

Accordingly where all the correspondence between the parties shows an intention to hold the defendant's principal liable if the contract were authorized, evidence showing either authority to make the modified contract or a ratification thereof is admissible as bearing on the question of election.

LAUGHLIN, J., dissents in part.

APPEAL by the defendant, John H. Carpenter, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 10th day of March, 1919, upon the verdict of a jury, and also from an order entered in said clerk's office on the 17th day of March, 1919, denying defendant's motion for a new trial made upon the minutes.

*Clarke M. Rosecrantz* of counsel [*E. H. Sykes* with him on the brief; *Sullivan & Cromwell*, attorneys], for the appellant.

*Joseph M. Hartfield* of counsel [*Vermont Hatch* with him on the brief; *White & Case*, attorneys], for the respondent.

SMITH, J.:

This case has been before this court upon a prior appeal from a judgment in favor of the defendant. The opinion is reported in 180 Appellate Division, 871. Upon that appeal we held that a contract had been made between the plaintiff's assignor and the defendant, as the known agent of an unknown principal, which contract was binding, both upon the plaintiff's assignor and this defendant and could be enforced by either of said parties. We held further that in a contract made by an agent for an unknown principal, upon the disclosure of the name of the principal, the other party may elect, either to hold the agent, or to hold the principal, but we held that upon the evidence it was not established that the defendant had authority to make the contract on behalf of the principal, and that the evidence indicated the contrary to be the fact. We further held, although there was sufficient evidence upon which could be held an election if that authority existed, that from the fact that the authority was negatived by the evidence, the plain-

tiff's assignor was not held by his election and could hold Carpenter as the original party to the contract.

Upon a retrial of the case the defendant sought to introduce evidence to the effect that Carpenter was, in fact, authorized by the Carolina Phosphate Company to make this contract. Some of the evidence, in the form of certain writings, was rejected by the trial court, but offered for identification and is a part of this record.

It appears that at the time that this contract was made with Carpenter the Carolina Phosphate Company was not organized  That corporation, therefore, could not be held upon the contract made by Carpenter as an agent, unless it should ratify the same, or unless a new contract had been made with that corporation after organization with authority in Carpenter to make the same.  It now appears that after this company had been formed Carpenter asked for a modification of the original contract made with him by changing the date of delivery from the 1st of October to the 1st of November, 1912, and that this was assented to by the plaintiff's assignor.  A contract was in form drawn between the plaintiff's assignor and the Carolina Company embodying this contract originally made with Carpenter as modified.  This was sent to the Carolina Phosphate Company or to Carpenter, its agent, and acceptance was indorsed thereupon by Todd, as president of the Carolina Company, but before its return to the plaintiff's assignor the Carolina Company insisted upon new terms, to wit, that the delivery should not begin until 1913, instead of 1912.  This was not agreed to by the plaintiff's assignor and the negotiations finally ceased.  Assuming then that the first contract made with the defendant did not bind the Carolina Company, because of the fact that the Carolina Company was not organized when Carpenter, as the agent of the Carolina Company then formed, asked for a modification of that contract, which was assented to by the plaintiff's assignor, this modified contract became binding, both upon the plaintiff and the Carolina Company, provided Carpenter had authority to act at that time for the Carolina Company.  If this authority be established, the election to hold the principal, instead of the agent, became a binding election so as to release this defendant from all obligations under the contract.  Because of the

fact that the paper contract, direct with the Carolina Company, although signed by Todd, as president of the Carolina Company, was never returned to the plaintiff's assignor the plaintiff's assignor would have no right of action against the Carolina Company upon that paper contract, but the modified contract made after the formation of the corporation with authority in Carpenter to make the same would still be a contract binding both upon the plaintiff's assignor and the Carolina Company. The execution of the formal contract, while advisable for business reasons, was not in any way a condition of liability under the original contract made by the letters between the plaintiff's assignor and Carpenter, which constituted the modified contract made after the formation of the corporation.

All of the correspondence shows the intention and election on the part of the plaintiff's assignor to hold the defendant's principal liable if the contract were authorized and the proffered evidence, therefore, showing either authority to make the modified contract or a ratification of such contract should have been admitted in evidence as bearing upon the election of the plaintiff's assignor to hold the defendant's principal thereupon, rather than the defendant himself.

The judgment should, therefore, be reversed and a new trial granted, with costs to appellant to abide the event.

CLARKE, P. J., MERRELL and PHILBIN, JJ., concur.

LAUGHLIN, J.:

I concur in the reversal but vote for dismissal on the ground that in my opinion the contract was made by defendant for a declared principal, and on that theory I voted for affirmance of the former judgment for defendant.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.